UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ADONIS BLANCO ACOSTA,

     Petitioner,

  v.                           Case No.:  2:26-cv-763-SPC-NPM

PAMELA JO BONDI *et al.*.

     Respondents,

                                   /

## OPINION AND ORDER

Before the Court are Adonis Blanco Acosta's Petition for Writ of Habeas Corpus (Doc. 1) and the federal government's response (Doc. 7).  For the below reasons, the Court grants the petition.

Blanco Acosta is a native and citizen of Cuba who entered the United States on September 29, 2023, and applied for admission.  U.S. Customs and Border Patrol issued a notice to appear and released Blanco Acosta on his own recognizance pending adjustment of status.  On December 1, 2023, Blanco Acosta moved to terminate the removal proceeding so he could pursue relief outside the immigration court.  An immigration judge granted the motion, and Blanco Acosta applied for adjustment of status to lawful permanent resident. The application remains pending.

January 8, 2026, the Miami-Dade Sheriff's Office arrested Blanco Acosta for negotiating a counterfeit check into his bank account, and the state

attorney's office filed charges on March 16, 2026. Immigration and Customs Enforcement ("ICE") took custody of Blanco Acosta on the day of his arrest. ICE initially detained him at Alligator Alcatraz, but he is now at Mesa Verda Detention Center in California.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225. As the respondents acknowledge, the Court rejected these arguments in cases that presented the same issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in those cases, Blanco Acosta's detention is not governed by § 1225(b)(2). But unlike the prior cases, Blanco Acosta's detention is not covered by § 1226 either. § 1226 allows the government "to detain certain aliens already in the country pending the outcome of removal proceedings[.]" *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). An immigration judge dismissed the

2

removal proceeding against Blanco Acosta in 2023. No new removal proceedings have been commenced, and the respondents present no evidence that removal proceedings are forthcoming.

In short, Blanco Acosta made a *prima facie* case that his detention lacks any legal justification, and the government fails to demonstrate a lawful basis for detention.

Accordingly, it is hereby

**ORDERED**:

Adonis Blanco Acosta's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1.     The respondents shall release Blanco Acosta from custody within 24 hours of this Order. The respondents shall give Blanco Acosta telephone access so he can arrange his transportation from the detention facility.

2.     The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on March 31, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1

3